## Craig *versus* Brendel.

1. Craig purchased land at sheriff's sale under a judgment against Bren-
del, the title being in Brendel's wife. Craig alleging the land belonged to
Brendel, brought ejectment for it against Brendel, and died before the trial.
Brendel was a competent witness to prove that his wife purchased with her
own money.

2. Brendel was not a party in interest, and was called to testify to no thing,
contract or transaction, to which he and Craig were parties.

3. Not being called to testify against his wife, he was not disqualified by
the Act of April 15th 1869.

4. Karns *v.* Tanner, 16 P. F. Smith 297, distinguished.

May 17th 1871. Before READ, AGNEW, SHARSWOOD and
WILLIAMS, JJ.

Error to the Court of Common Pleas of *Lebanon county:* No.
83, to May Term 1871.

This was an action of ejectment, commenced November 2d 1869,
by John W. Craig against Frederick L. Brendel, for a tract of
five acres of land, &c. The defendant pleaded "not guilty."

On the 14th of November 1870, the death of the plaintiff was
suggested, and J. Watson Craig and others, his devisees, substituted.

On the trial, January 9th 1871, before Pearson, P. J., the fol-
lowing facts were proved.

[Seylar *v.* Carson.]

On the 23d of May 1866, John W. Craig recovered a judgment against Brendel for $1785, on which he issued an execution and levied on the land in dispute, which was sold by the sheriff to the plaintiff and the deed acknowledged November 5th 1868.

The defence was that the property belonged to Elizabeth Brendel, the wife of the defendant, having been conveyed to her March 21st 1866.

In order to establish that the purchase-money of the property was the wife's, it was proposed to examine the defendant, her husband, as a witness. He was objected to by the plantiffs as incompetent and not made competent by the Act of April 15th 1869.

The witness was admitted and a bill of exceptions sealed. The defendant testified as to the ownership of the purchase-money by his wife, and gave other evidence on the same point.

The verdict was for the defendant.

The plaintiffs removed the case to the Supreme Court. The only error assigned there was, admitting the defendant to testify.

*A. R. Boughter* and *J. McD. Sharpe*, for plaintiffs in error, cited Seip *v.* Storch, 2 P. F. Smith 210; Act of April 15th 1869, Pamph. L. 30 Purd. 1560; Act of April 9th 1870, Pamph. L. 44, Purd. 1605.

*J. Funck*, for defendant in error, referred to Act of 1869. ·

The opinion of the court was delivered, October 9th 1871, by

Agnew, J.—In the case of S. D. Karns *v.* F. E. Tanner *et al*, 16 P. F. Smith 297, we had occasion to consider the meaning of the proviso to the Act of 15th April 1869, allowing parties in interest to be witnesses, which excepts actions by and against executors, administrators and guardians, and those where the assignor of the thing or contract in action is dead. The conclusion of the reasoning in the opinion was in these words: " The true spirit of the proviso then seems to be, that when a party to a thing or contract in action is dead, and his rights have passed, either by his own act or by that of the law, to another who represents his interest in the subject of controversy, the surviving party to that subject shall not testify to matters occurring in the lifetime of the adverse party, whose lips are now closed." Though that case was unknown to the counsel of the plaintiff in error here, their argument runs in the current of its reasonings. But the cases themselves are dissimilar and distinguishable. Karns *v.* Tanner, &c., was the case of a lease of oil territory from F. Parker to James P. Tanner, with a provision for forfeiture in case of an abandonment or of a want of diligence in prosecuting operations. Parker, believing the lease to be forfeited, leased again to Karns & Co., who took possession. Tanner

[Craig v. Brendel.]

brought ejectment against Parker and Karns & Co., but having died, his title to the lease was sold at sheriff's sale and bought by Mrs. Frances E. Tanner, who was substituted as plaintiff. The question at the trial was on the forfeiture, and Parker, one of the defendants, was called as a witness to prove facts concerning the alleged abandonment occurring in the lifetime of Tanner, his lessee, and the assignor in law of Mrs. F. S. Tanner. The subject in controversy being the title of Tanner under the lease from Parker, it was held that Parker was incompetent to testify as to matters relating to the lease happening in Tanner's lifetime. It will be observed that there Parker and Tanner stood in the relation of opposite parties in the same matter or contract of lease, and also in relation to the thing itself which was the subject of their contract or lease. Parker therefore occupied a vantage ground when called to testify to matters which might be known only to Tanner and himself, and which Mrs. Tanner, the assignee of the title, could not know, so as to testify to them. Death had sealed Tanner's lips, and Parker could testify without contradiction. But the present case is essentially different. While it may be considered as true that John Craig, the devisor of the plaintiffs, is their assignor in law, according to Tanner v. Karns; yet Frederick L. Brendel, the defendant here, who was offered as the witness, does not stand as the party opposite to them in the thing or transaction which is the subject of the controversy in this suit. The opposite party here is Mrs. Brendel, who claims in her own right, and not by any privity with Frederick L., her husband. John Craig bought Frederick L. Brendel's title at sheriff's sale. In this suit F. L. Brendel does not dispute the sheriff's sale or the title of John Craig. He sets up no title in or for himself. It is the title of Mrs. Brendel that is the subject of the contest, and this is wholly adverse to any title of F. L. Brendel, her husband. She bought the property, and, as she alleges, paid for it with her own money, and the deed was made to her. It is obvious F. L. Brendel is called to testify to no thing, contract or transaction to which he and the deceased John Craig were parties. He is not asked to speak of things pertaining to their affairs, which might be known to Craig and himself, and as to which Craig, if alive, might contradict him. He is called to testify to matters to which he himself was no party in interest, and as to which he would have to testify as a stranger to the transaction. The only relation he bears to the case is that of husband of the contestant, the owner of the alleged title. But that relation is not within the proviso of the Act of 1869, for he is not called to testify *against* his wife. He is not disqualified as a husband; and being no party to the thing or contract in action, which is the subject of the contest, he is not within the proviso which excludes the living party to that thing or subject, when the opposite party to it is dead.

The judgment is therefore affirmed.